UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MOORE & ASSOCIATES, INC.,         )
                                  )
        Plaintiff,                )
                                  )
    v.                            )   Case No. 3:05-0167
                                  )   Judge Echols
JONES & CARTER, INC.,             )
                                  )
        Defendant.                )

## MEMORANDUM

Pending before the Court is Defendant Jones & Carter, Inc.'s ("Jones & Carter") Motion for Judgment on the Pleadings (Docket Entry No. 26), to which Plaintiff Moore & Associates, Inc. ("Moore & Associates") has responded in opposition (Docket Entry No. 29), and Defendant has replied (Docket Entry No. 30).

## I. FACTUAL BACKGROUND

Moore & Associates seeks indemnification from Jones & Carter for legal expenses and damages in connection with an arbitration proceeding that is pending in Texas. The events giving rise to these claims, as set forth in the Complaint, are as follows.

Pursuant to a contract, Jones & Carter agreed to provide civil engineering services to Moore & Associates for a hotel the latter had contracted to build in Houston, Texas. (Docket Entry No. 1 at ¶¶ 3-4). After construction was completed and shortly after the opening of the hotel, surface water penetrated the east elevation of the hotel, causing damages. (Id. at ¶ 6). The Complaint alleges the surface water continues to damage the hotel and its contents. (Id.).

1

On January 11, 2003, Hilcom Partners ("Hilcom"), the owner of the hotel, filed an arbitration proceeding against Moore & Associates claiming that the hotel was improperly designed in various respects. (Id. at ¶ 7). On May 17, 2004, Hilcom informed Moore & Associates that it had retained a professional engineer who was prepared to testify that the Grading Plan was negligently prepared by Jones & Carter. (Id.) Immediately upon learning this, Moore & Associates informed Jones & Carter that Hilcom claimed the professional services rendered by Jones & Carter were negligent and had caused damages to Hilcom. (Id. at ¶ 8).

Subsequently, the engineering firm issued a supplemental report which indicated that the errors in the Grading Plan were likely to exceed $250,000. This report was provided to Jones & Carter by Moore & Associates. Moore & Associates requested that Jones & Carter defend and indemnify it against the claim in accordance with the terms of their contract. (Id. at ¶ 10). Jones & Carter refused to indemnify or defend Moore & Associates against allegations that its professional negligence caused more than $250,000 in damages to the hotel. (Id. at ¶ 11).

The agreement between Moore and Associates and Jones & Carter contained an Indemnification Clause which reads as follows:

> **INDEMNIFICATION**
>
> J&C agrees, to the fullest extent permitted by law, to indemnify and hold [Moore & Associates] harmless from any damage, liability or cost (including reasonable attorney's fees and costs of defense) to the extent caused by J&C's negligent acts, errors or omissions in

2

the performance of professional services under this
AGREEMENT and those of his or her subconsultants or
anyone for whom J&C is legally liable.

(Docket Entry No. 1, Complaint Ex. 1). The contract also contained a limitation of liability provision which read:

**LIMITATION OF LIABILITY**

[Jones & Carter] agrees to carry out and perform the services herein agreed to in a professional and competent manner. [Moore & Associates] agrees that [Jones & Carter] shall not be liable for error, omission or breach of warranty (either expressed or implied) in the preparation of designs and drawings, preparation of surveys, description and selection of materials and equipment for the project, or the performance of any other services in connection with any assignment for which specific authorization is given by CLIENT under this agreement, except to the extent that he fails to exercise the usual degree of care and judgment of an ordinarily prudent engineer in the same or similar circumstances or conditions.

In order for [Moore & Associates] to obtain the benefit of a fee which includes a lesser allowance for risk funding, [Moore & Associates] agrees to limit J&C's liability arising from J&C's professional acts, errors or omissions such that the total aggregate liability of J&C shall not exceed J&C's total fees for the services rendered on this project.

(Id.).

Based upon the foregoing, Moore & Associates filed a complaint in state court against Jones & Carter seeking compensatory damages caused by Jones & Carter's alleged breach of contract to include the amount that Moore & Associates had expended to defend against the claims brought by Hilcom. Moore & Associates also sought a judgment against Jones & Carter for any amount Moore & Associates must pay to Hilcom as a result of the engineering services provided by Jones & Carter, including its attorneys' fees and costs.

3

After removing the case to this Court based upon diversity of citizenship and the amount in controversy, Jones & Carter filed an Answer and Counterclaim (Docket Entry No. 24). In its counterclaim, Jones & Carter seeks a declaratory judgment establishing $18,109.98 as the maximum amount Moore & Associates can recover against Jones & Carter were Moore & Associates to prevail since that is the total fee charged to Moore & Associates for the engineering services which were provided by Jones & Carter. (Id.). By way of its present Motion for Judgment on the Pleadings, Jones & Carter asserts that it is entitled to (1) judgment on Moore & Associates' claim of a duty to defend and (2) a declaratory judgment as to its potential liability. (Docket Entry No. 26).

## II. STANDARDS OF REVIEW

### A. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). See, Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 511-12 (6th Cir. 2001). Thus, this court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief." Id. at 512.

### B. Declaratory Judgment

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that, upon the filing of an appropriate pleading, the Court may

4

declare the rights of the party seeking the declaration. The granting of a declaratory judgment is discretionary with the Court and the propriety of its issuance in a particular case "will depend upon a circumspect sense of its fitness[.]" Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995).

### III. LEGAL ANALYSIS

The parties have identified no factual disputes, making this case amenable both to disposition on the present motion for judgment on the pleadings and a declaration as to the potential liability of Jones & Carter. Because the contract between the parties provides that Texas law governs, it is to that body of law which the Court looks in determining whether Jones & Carter has a duty to defend Moore & Associates in the arbitration proceeding currently pending in Houston, Texas, and whether it is entitled to judgment limiting its potential liability to Moore & Associates.

Based upon its review of the general law surrounding contracts in Texas and more specifically the law as it relates to indemnity agreements, this Court concludes that Jones & Carter has no duty to defend Moore & Associates in the arbitration proceeding. The Court also concludes that Jones & Carter is entitled to a declaratory judgment limiting is liability to Moore & Associates to the total fee it charged Moore & Associates for the engineering services Jones and Carter performed.

**A.  The Indemnity Agreement**

Under Texas law, a contract for indemnity is construed as any other contract. Safeco Ins. Co. v. Gaubert, 829 S.W.2d 274,

5

281(Tex.App. 1992). Under general principles of contract law, a court is to ascertain and give effect to the intentions of the parties as expressed in the agreement. Id.

Absent an ambiguity, the construction of a contract is a question of law for the court. Tubb v. Bartlett, 862 S.W.2d 740, 747 (Tex.App. 1993). Likewise, "[w]hether a contract is ambiguous is a question of law for the court." Id. Moreover, "[i]n Texas, a writing is generally construed against its author to reach a reasonable result consistent with the intent of the parties." Id.

In this case, the form contract at issue must be construed against Jones & Carter as the author of the contract. Even construed against the drafter, however, judgment on the pleadings is warranted because the contract is not ambiguous, it imposes no duty to defend, and it specifically limits Jones and Carter's liability.

As indicated in the factual section, the contract at issue contains an indemnity clause which, so far as is relevant, provided that Jones & Carter agreed to indemnify and hold Moore & Associates "harmless from any damage, liability or cost (including reasonable attorney's fees and costs of defense) to the extent caused by J&C's negligent acts, errors or omissions in the performance of professional services[.]" (Docket Entry No. 1, Complaint Ex. 1). Based on this language and Texas law, Moore & Associates asserts that "Jones & Carter clearly has a duty to defend Moore & Associates and is liable to Moore & Associates for the costs incurred in defense of Hilcom's claims, even if Moore and

6

Associates' defense is successful." (Docket Entry No. 29 at 5). In opposition, "Jones & Carter agrees that the contract gives Moore & Associates a potential right of indemnity, but the contract does not require that it provide Moore & Associates with a defense." (Docket Entry No. 27 at 5).

"Generally, when parties include an indemnity provision in a contract, the duty to indemnify includes the duty to pay for all costs and expenses associated with defending suits against the indemnitee." English v. B.P.G. Intern., Inc., ___ S.W.3d ___, ___, 2005 WL 2230417 at * 3 (Tex.App. Sept. 15, 2005). However, this does not mean that the indemnitor agrees to assume defense of the action, as opposed to paying the costs and attorney's fees associated with the action.

A duty to defend is separate and distinct from a duty to indemnify. State Farm Lloyds v. C.M.W., 53 S.W.3d 877, 889 (Tex.App. 2001). Whereas the duty to defend is determined by the allegations in the pleadings and the language of the contract, see, National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc. 939 S.W.2d 139, 141 (Tex. 1997), the right to indemnity does not accrue until after a determination of either loss or liability is made. See, Ingersoll-Rand Co. v. Valero Energy Corp., 997 S.W.2d 203, 209-210 (Tex. 1999). Hence, "[u]nlike the duty to defend, the duty to indemnify is based on facts proven, not on pleadings." Pilgrim Enterprises, Inc. v. Maryland Casualty Co., 24 S.W.2d 488, 492 (Tex.App. 2000).

7

In interpreting the indemnity agreement before the Court, the focal point of inquiry is the operative language of the agreement, see, Coastal Mart, Inc. v. Southwestern Bell Tele. Co., 154 S.W.2d 839, 843 (Tex.App. 2005), with the primary concern being to ascertain the true intentions of both parties, English, 2005 WL 2230417 at * 4. In this case, the language of the contract between the parties is very clear.

Pursuant to the contract, Jones & Carter is to indemnify Moore & Associates for its negligence and that indemnity is to include reasonable costs and attorney's fees incurred by Moore & Associates. However, there is no suggestion in the contract that J & C would step in and defend a pending action, only that it would be liable to Moore & Associates upon a finding of Jones & Carter's negligence. Under the terms of the contract, Jones & Carter has a duty to reimburse Moore & Associates for damages and legal expenses in the event Moore & Associates has to pay Hilcom for damages caused by the negligence of Jones & Carter, but Jones & Carter does not have to step in and defend the case regardless of its outcome.

Continental Steel Co. v. H.A. Lott, Inc., 772 S.W.2d 513, 517 (Tex.App. 1989) relied upon by Moore & Associates does not counsel a different result. In that case, Continental was a subcontractor for Lott at a Dallas construction site. After an individual was injured at the site, an insurance company paid his workers' compensation benefits and then sought to recoup its payment by suing Lott and several subcontractors. Lott then joined Continental on a claim of indemnity. The claim for indemnity was

8

based upon a contract between Lott and Continental. The relevant portion of the indemnity agreement provided:

> 10. (a) Subcontractor [Continental] hereby agrees to indemnify and save harmless Contractor [Lott] from and against all claims, demands, damages, losses, expenses, costs, liabilities, injuries and causes of action arising from injury to person or damage to property arising out of, connected with, or incident to the performance of the work hereunder, except in cases of sole negligence on the part of the Contractor, and Subcontractor will defend any and all such actions brought against Contractor and will pay any judgment rendered in such suits and will reimburse and indemnify Contractor for all expenditures or expenses including court costs and counsel fees, made or incurred by reason of such suits.

Id. at 514.

Based upon the foregoing, "the sole contested issue" on appeal was "whether the agreement obligates Continental to indemnify Lott for Lott's costs and expenses incurred in its successful defense of a claim based solely on Lott's negligence." Id. In its opinion, the court stated:

> Continental contends that it is not liable for Lott's litigation expenses because these costs are not specifically covered by the agreement. However, Texas law dictates otherwise. The litigation costs for defending an indemnified claim may be recoverable either upon a right of indemnity implied by law or arising under the contract because otherwise an indemnitee would not be fully protected and saved harmless against claims covered by the indemnity agreement. . . . There is no requirement that the agreement expressly stipulate that these costs are to be indemnified[.]
>
> . . . .
>
> Lott's defense costs, incurred in the successful defense of a claim for which indemnity was provided, are recoverable from Continental under the indemnity agreement at issue.

Id. at 513.

9

The foregoing language, read in the context of both the dispute between the parties and the indemnity agreement at issue in Continental, does not assist Moore & Associates. Contrary to the suggestion made by Moore & Associates, the Continental court did not even touch on the issue of whether Continental had a duty to step in and defend Lott in the action brought by the insured - that case had already been resolved with a jury finding Lott not negligent. Id. at 514.

As for the excerpted language about litigation costs for defending an indemnified claim being implied by law, it is clear that the claim (i.e. the claim brought by the insurer against Lott) was a claim within the meaning of the broad indemnity clause between Continental and Lott which required Continental to indemnify Lott for *claims* and against any *action* or *suits* which might have been brought. In fact, at the close of its opinion, the court in Continental "h[e]ld that Lott's defense costs, incurred in the successful defense of a claim for which indemnity was provided, are recoverable from Continental under the indemnity agreement at issue."

In this case, the indemnity agreement is much narrower. There is no agreement to indemnify against claims or actions or suits. Instead, the agreement between the parties is that Jones & Carter will indemnify Moore & Associates from any damage, liability or cost to the extent caused by the negligence of Jones & Carter. This means, that for Jones & Carter to be liable, there must be some legal liability on behalf of Jones & Carter, something which

10

has yet to be determined given the pendency of the arbitration proceedings. See, Fisk Electric Co. v. Constructors & Associates, Inc., 888 S.W.2d 813, 815 (Tex. 1994)(a party's "obligation to pay attorney's fees arises out of its duty to indemnify" and "[a]bsent a duty to indemnify there is no obligation to pay attorney's fees").[1]

The indemnity contract in this case is clear and unambiguous. Under its terms, Jones & Carter can only be liable if it is found to be negligent or otherwise at fault. As such, Jones & Carter is entitled to judgment on Moore & Associate's claim that Jones & Carter has a duty to defend the pending arbitration.

**B. The Limitation of Liability**

Jones & Carter contends it is entitled to judgment on the pleadings relating to the maximum amount it can be liable to pay Moore & Associates if Jones & Carter is found to be negligent. In its counterclaim, Jones & Carter alleges that the total fee it charged to Moore & Associates for providing its engineering services on the Hilcom project was $18,109.98. (Docket Entry No. 4 at 4). Because Moore & Associates admits that $18,109.98 was the amount it paid for the engineering services (Docket Entry No. 25 at 2), Jones & Carter asserts it can only be liable for up to that amount under the terms of the contract between the parties.

---

[1] Fisk was issued after Continental. In its opinion, the Texas Supreme Court overruled Continental and other cases which held that indemnity provisions which do not clearly provide for indemnification for the indemnitee's own negligence could nevertheless require indemnification of the indemnitee for such negligence. Fisk 888 S.W.2d at 813.

11

Moore & Associates argues that the Limitation of Liability paragraph relied upon by Jones & Carter is only directed at claims brought by Moore & Associates against Jones & Carter and has nothing to do with claims brought against Moore & Associates by third parties who may have been harmed by Jones & Carter's negligence. This is in contrast to the Indemnity clause which Moore & Associate asserts has no limitation of any kind.

In order to reach the result Moore & Associates would prefer, this Court would have to parse the contract and read its provisions separately. However,

> When construing a contract, courts must strive to give effect to the written expression of the parties' intent. To do so, they must read all parts of a contract together. Indeed, courts must be particularly wary of isolating from its surroundings or considering apart from other provisions a single phrase, sentence, or section of a contract.

State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 433 (Tex. 1995)(internal citation omitted). Because a court's primary objective in construing a contract is to ascertain the true intention of the parties, "a court should examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." Carpenter v. Carpenter, 1996 WL 417648, at *3 (Tex. App. 1996).

In this case, when the contract is read as a whole, Jones and Carter's potential liability to Moore & Associates is the amount Moore and Associates paid for Jones & Carter's services, regardless of who may be making the claim. The Indemnity Clause specifically

12

provides for indemnity to Moore & Associates for Jones & Carter's negligent acts, errors or omission in relation to the professional services rendered. The Limitation of Liability Clause, in turn, limits Jones and Carter's liability to Moore & Associates for "liability arising from J&C's professional acts, errors or omissions" to the fees for the services rendered. In no uncertain terms, this limitation on liability is "the total aggregate liability of J&C[.]" (Docket Entry No. 1, Complaint Ex. 1).

Simply focusing on the language in the Indemnity clause as suggested by Moore & Carter would make the Limitation of Liability Clause superfluous. That clause was placed in the contract for a reason. Specifically, Moore & Associates was charged a lower fee and in return for that lower fee, Moore & Associates agreed to limit Jones & Carter's "total aggregate liability" to Moore & Associates to the amount Moore & Associates paid for Jones & Carter's services.

Accordingly, Jones & Carter's potential liability to Moore & Associates is $18,809.98. Jones & Carter is entitled to a declaratory judgment so limiting its liability.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Jones & Carter, Inc.'s Motion for Judgment on the Pleadings (Docket Entry No. 26) will be granted. Jones & Carter is entitled to Judgment on the Pleadings insofar as (1) it has no duty to defend Plaintiff Moore & Associates in the arbitration action presently pending in Houston, Texas and (2) its liability to Moore and Associates is limited to

13

the fees paid for its engineering services. Jones & Carter will be granted a declaratory judgment limiting its liability to Moore & Associates as a result of Jones & Carter's negligent acts, errors, or omissions to $18,109.98.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

14